# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| MARY CONRAD,<br><br>Plaintiff,<br><br>vs.<br><br>IOWA CENTRAL COMMUNITY COLLEGE and ROBERT PAXTON,<br><br>Defendants. | No. C05-3017-MWB<br><br>**ORDER REGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MOTION TO DISMISS** |

## I. *INTRODUCTION AND BACKGROUND*

Plaintiff Mary Conrad filed this lawsuit on April 6, 2005, against the place of her employment, Iowa Central Community College ("ICCC"), and ICCC's president, Robert Paxton. At the center of this lawsuit is the decision of plaintiff Conrad's employer, Buena Vista University ("BVU"), to not offer Conrad a renewal of her teaching contract for the ICCC campus. In Count I of her complaint, Conrad asserts a state law claim for intentional interference with a prospective business advantage, alleging that defendants intentionally and improperly interfered with Conrad's ongoing business relationship with BVU. In Count II, Conrad alleges a state law claim for blacklisting, alleging that defendants blacklisted her and prevented her from obtaining employment with BVU. In Count III, Conrad alleges that defendants violated 42 U.S.C. § 1983 by violating Conrad's rights under the First Amendment for freedom of speech.

Defendants have filed a Motion For Summary Judgment, asserting *inter alia*, that defendants are entitled to summary judgment on Count III because Conrad cannot show a causal connection between any expression protected by the First Amendment and BVU's

failure to reappoint her. In her response to defendants' Motion For Summary Judgment, plaintiff Conrad indicates that she is not resisting defendants' motion in regard to her First Amendment claim under 42 U.S.C. § 1983. Therefore, defendants' Motion For Summary Judgment is granted as to Count III.

Defendants have also filed a Motion To Dismiss, arguing that plaintiff Conrad's complaint, with the elimination of Count III, fails to allege any action arising under federal law or involving a federal question, and therefore this court lacks jurisdiction as required under 28 U.S.C. § 1331. Defendants further argue that the court should decline to exercise its supplemental jurisdiction over plaintiff Conrad's two remaining state law claims. Plaintiff Conrad has filed a timely response to defendants' Motion To Dismiss, asserting that the court should retain jurisdiction over Conrad's state law claims.

## II. LEGAL ANALYSIS

### 1. *General law regarding supplemental jurisdiction*

Section 1367 of Title 28 of the United States Code governs a district court's supplemental jurisdiction over state law claims:

> **(a)** Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims *that are so related to claims in the action within the original jurisdiction that they form part of the same case or controversy* under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve joinder or intervention of additional parties.

28 U.S.C. § 1367(a) (emphasis added). Whether a court has supplemental jurisdiction is determined by the following test: "'a federal court has jurisdiction over an entire action,

2

including state-law claims, wherever the federal-law and state law claims in the case 'derive from a common nucleus of operative fact' and are 'such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding.'" *Kansas Public Employees Retirement Sys. v. Reimer & Koger, Assoc., Inc.*, 77 F.3d 1063, 1067 (8th Cir. 1996) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349 (1988) in turn quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725-26 (1966)); *see Cossette v. Minnesota Power & Light*, 188 F.3d 964, 973 (8th Cir. 1999) ("A district court may exercise supplemental jurisdiction over state law claims that arise from the same nucleus of operative fact as the plaintiff's federal claims and when the plaintiff would ordinarily be expected to try all the claims in one judicial proceeding.") (citing *Kansas Public Employees Retirement Sys.*); *Meyers v. Trinity Med. Ctr*, 983 F.2d 905, 907 (8th Cir. 1993); *Alumax Mill Prods., Inc. v. Congress Fin. Corp.*, 912 F.2d 996, 1005 (8th Cir. 1990); *Appelbaum v. Ceres Land Co.*, 687 F.2d 261, 262-63 (8th Cir. 1982); *Wrist-Rocket Mfg. Co., Inc. v. Saunders Archery Co.*, 578 F.2d 727, 734-35 (8th Cir. 1978). In sum, supplemental jurisdiction under subsection (a), is appropriate where the federal-law claims and the state-law claims in the case "derive from a common nucleus of operative fact" and are such that a plaintiff would ordinarily be expected to bring all of the claims in one suit. *See Kansas Public Employees Retirement Sys.*, 77 F.3d at 1067.

Once the court has determined supplemental jurisdiction is proper under subsection (a), subsection (c) provides the list of circumstances under which the court can decline to exercise such supplemental jurisdiction:

> **(c)** The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
> **(1)** the claim raises a novel or complex issue of State law,
> **(2)** the claim substantially predominates over the claim

> or claims over which the district court has original jurisdiction;
> **(3)** the district court has dismissed all claims over which it has original jurisdiction, or
> **(4)** in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c); *see International Ass'n of Firefighters of St. Louis, Franklin and Jefferson v. City of Ferguson*, 283 F.3d 969, 976 (8th Cir. 2002) (noting, without expressing an opinion as to what the district court should do on remand, that a district court "would always be free . . . to proceed on the merits of the state claim, in its discretion, even if one of the conditions in 28 U.S.C. § 1367(c) for dismissal of the state claim had been satisfied."); *Southern Council of Industrial Workers v. Ford*, 83 F.3d 966, 969 (8th Cir. 1996) ("Where original jurisdiction exists, exercise of supplemental jurisdiction over all adequately related claims is mandatory absent certain exceptions . . . ."); *Tinius v. Carroll County Sheriff Dept.*, 255 F. Supp. 2d 971, 977 (N.D. Iowa 2003) ("'The statute plainly allows the district court to reject jurisdiction over supplemental claims only in the four instances described therein.'") (quoting *McLaurin v. Prater*, 30 F.3d 982, 984 (8th Cir. 1994)). Thus, where the case clearly fits within one of the subsections of 1367(c), the court may decline to exercise supplemental jurisdiction. *Packett v. Stenberg*, 969 F.2d 721, 726-27 (8th Cir. 1992); *see also O'Connor v. State of Nev.*, 27 F.3d 357, 362 (9th Cir. 1994), *cert. denied*, 514 U.S. 1021 (1995); *Growth Horizons, Inc. v. Delaware County, Pa.*, 983 F.2d 1277, 1285 n.14 (3d Cir. 1993); *Chesley v. Union Carbide Corp.*, 927 F.2d 60, 65-66, n.3 (2d Cir. 1991); *Carroll v. Borough of State College*, 854 F. Supp. 1184, 1200 (M.D. Pa. 1994), *aff'd mem.*, 47 F.3d 1160 (3d Cir. 1995). The Eighth Circuit Court of Appeals has counseled that, once one of the grounds listed in § 1367(c) is present, the court's discretion "should be guided

by considerations of judicial economy, convenience, and fairness to the litigants." *Cossette v. Minnesota Power & Light*, 188 F.3d 964, 973 (8th Cir. 1999); *accord Allen v. City of Los Angeles*, 92 F.3d 842, 846 (9th Cir. 1996) (noting that the court "should consider whether the exercise of jurisdiction advances 'the values of economy, convenience, fairness, and comity.'") (quoting *Executive Software v. United States Dist. Court*, 24 F.3d 1545, 1557 (9th Cir. 1994)), *overruled in part, Acri v. Varian Assocs., Inc.*, 114 F.3d 999 (9th Cir. 1997) (*en banc*). Furthermore, "[i]t is the law of this circuit that 'the substantial investment of judicial time and resources in the case . . . justifies the exercise of jurisdiction over the state claim, even after the federal claim has been dismissed.'" *Pioneer Hi-Bred Int'l v. Holden Foundation Seeds, Inc.*, 35 F.3d 1226, 1242 (8th Cir. 1994) (quoting *North Dakota v. Merchants Nat'l Bank & Trust Co.*, 634 F.2d 368, 371 (8th Cir. 1980)) (*en banc*), and also citing *Gilbert/Robinson, Inc. v. Carrie Beverage-Missouri, Inc.*, 989 F.2d 985, 993 (8th Cir.), *cert. denied*, 510 U.S. 928 (1993), and *First Nat'l Bank & Trust Co. v. Hollingsworth*, 931 F.2d 1295, 1307-08 (8th Cir. 1991)); *accord Murray v. Wal-Mart, Inc.*, 874 F.2d 555, 558 (8th Cir. 1989) (also stating that retention of jurisdiction is proper in such circumstances).

### 2.  *Analysis*

The threshold determination which the court must make at this juncture is whether Conrad's intentional interference with prospective business advantage and blacklisting claims against defendants arise from the same "nucleus of operative fact as the plaintiff[s'] federal claims," *Cossette*, 188 F.3d at 973,—for, if Conrad's state law claims do not arise under the same "case or controversy," then supplemental jurisdiction is not proper in the first instance under § 1367(a) and the court never reaches the circumstances enumerated in subsection c for when the court should decline supplemental jurisdiction over state law claims that form the "same case or controversy" as the federal claims. 28 U.S.C. §

5

1367(a). Here, that issue is easily resolved since the parties are in agreement, and the court concurs in the parties' analysis, that all of Conrad's claims, both federal and state, arise under the same case and controversy. Therefore, the court must next address the question of whether defendants have established that any of the grounds listed in § 1367(c)(3) are present.

This case clearly fits within § 1367(c), because the court has dismissed Conrad's § 1983 claim, which was the only claim over which it had original jurisdiction. That being so, "the court should consider whether the exercise of jurisdiction advances 'the values of economy, convenience, fairness, and comity.'" *Allen*, 92 F.3d at 846. Having considered all the factors it is required to consider under the supplemental jurisdiction statute and applicable case law in determining whether to continue to exercise supplemental jurisdiction over Conrad's two remaining state law claims, the court finds these factors weigh against the court retaining supplemental jurisdiction in this case. First, Conrad's blacklisting claims is a novel claim such that the state court is the preferred forum pursuant to § 1367(c)(1).[1] Second, the procedural posture of the case does not suggest any significant unfairness to the parties in pursuing the matter in state court. The complaint in this case was filed on April 6, 2005, and less than thirty docket entries have been made since then. Thus, the court finds that requiring Conrad to refile her claims in state court will not result in an undue amount of wasted or duplicative effort. *See Hankins v. The Gap, Inc.*, 84 F.3d 797, 802 (6th Cir. 1996). Finally, declining supplemental jurisdiction of the remaining claims will not unduly delay timely resolution of this matter.

---

[1]The court notes that there is only one reported Iowa appellate court decision regarding Iowa's blacklisting statute. *See French v. Foods, Inc.*, 495 N.W.2d 768, 772 (Iowa 1993) (noting that "[a]lthough this statute was adopted early in this century, there are no reported cases under it.").

Although this case has a tentative trial date this year, the case is currently set behind criminal cases, which have priority. As a result, it is unlikely that a trial in this case would occur this year. Therefore, the court declines to exercise supplemental jurisdiction over Conrad's two remaining state-law claims, and grants defendants' Motion To Dismiss.

### III.  CONCLUSION

For the aforementioned reasons, defendants' Motion For Summary Judgment is granted as to Count III. The court declines to exercise supplemental jurisdiction over Conrad's two remaining state law claims and grants defendants' Motion To Dismiss.

**IT IS SO ORDERED.**

**DATED** this 1st day of June, 2006.

_____
MARK W. BENNETT
CHIEF JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA